NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMASDINH NEWSOME BOWMAN, | No. 23-35230 |
| Petitioner-Appellant, | D.C. No. 2:22-cv-00316-DGE |
| v. | |
| MELISSA ANDREWJESKI, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted May 8, 2024[**]
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and OWENS, Circuit Judges.

Washington state prisoner Thomasdinh Bowman appeals from the district

court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 2014

conviction for first-degree murder. "We review the district court's denial of

habeas relief de novo." *Panah v. Chappell*, 935 F.3d 657, 663 (9th Cir. 2019).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bowman's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which he is entitled to relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding," *id.* § 2254(d)(2). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Bowman argues that he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), because his trial counsel did not move to suppress evidence obtained from a search of a hard drive seized from Bowman's business. *Strickland* requires a person challenging a conviction to show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. In rejecting Bowman's claim, "[t]he state court did not specify whether this was because there was no deficient performance under *Strickland* or because [Bowman] suffered no *Strickland* prejudice, or both." *Premo v. Moore*, 562 U.S. 115, 123 (2011). Regardless, "the state-court decision was not an unreasonable application of either part of the *Strickland* rule." *Id.*

The Supreme Court has explained that, when considering a *Strickland* claim based on counsel's failure to bring a suppression motion, "the relevant question" is

whether "no competent attorney would think a motion to suppress would have failed." *Id.* at 124. "Moreover, 'in order to show prejudice when a suppression issue provides the basis for an ineffectiveness claim, the petitioner must show that he would have prevailed on the suppression motion, and that there is a reasonable probability that the successful motion would have affected the outcome.'" *Bailey v. Newland*, 263 F.3d 1022, 1029 (9th Cir. 2001) (quoting *Van Tran v. Lindsey*, 212 F.3d 1143, 1156 (9th Cir. 2000), *overruled in part on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)).

Bowman argues that his counsel should have moved to suppress the evidence from the hard drive because the relevant search warrant authorized only the seizure—not the search—of hard drives at his business. Alternatively, he asserts that, to the extent the warrant authorized the search of those hard drives, that search was limited to a search for records of repairs and damage to Bowman's BMW. But at least three different adjudicators (the Washington Court of Appeals, the Washington Supreme Court Commissioner, and the magistrate judge) rejected this restrictive reading of the warrant. They all determined that the warrant could plausibly be construed to authorize the search of hard drives for any evidence relating to the murder. Given this interpretive consensus, a "competent attorney" could reasonably have thought "a motion to suppress would have failed." *Premo*, 562 U.S. at 124.

3

Bowman asserts that *Riley v. California*, 573 U.S. 373 (2014),[1] and *United States v. Payton*, 573 F.3d 859 (9th Cir. 2009), compel his interpretation of the warrant. But these cases are distinguishable. *Riley* considered (and rejected) the argument that the warrant exception for searches incident to lawful arrest extended to searches of data stored on cell phones. 573 U.S. at 386. But, in this case, there was a warrant, which the state court construed to authorize the search of Bowman's hard drive for any evidence relating to the murder.

Likewise, in *Payton*, we invalidated the search of a computer found when officers executed a search warrant that specified the items to be searched but omitted any mention of computers. 573 F.3d at 864. Here, by contrast, the warrant specifically listed "hard drive" as an object of the warrant, albeit under the seize header. Because neither *Riley* nor *Payton* clearly controls Bowman's case, neither indicates that his trial counsel's decision not to move to suppress based on them was deficient. And, for much the same reasons, when it comes to prejudice, Bowman has not proved that a suppression motion based on either *Riley* or *Payton* would have succeeded. *See Bailey*, 263 F.3d at 1029.

Bowman also argues that his counsel should have moved to suppress

---

[1] The government and Bowman disagree over whether *Riley* had been decided by the time Bowman's counsel would have had to make a suppression motion. Assuming *Riley* was decided prior to the relevant time, it still would not render the state-court decision an unreasonable application of *Strickland*.

because, if the warrant did authorize the search of his hard drive for any material relating to the murder, it was insufficiently particular. In support, he relies on *Stanford v. Texas*, 379 U.S. 476 (1965), where the Supreme Court held unconstitutional a warrant issued under an act that outlawed the Communist Party in Texas and authorized the search of "books, records, pamphlets, cards, receipts, lists, memoranda, pictures, recordings and other written instruments concerning the Communist Party of Texas, and the operations of the Communist Party in Texas." *Id.* at 486. But, again, broad propositions from tangentially related cases are insufficient to "overcome our 'doubly' deferential review of [Bowman's *Strickland*] claim under AEDPA." *Michaels v. Davis*, 51 F.4th 904, 939 (9th Cir. 2022) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). As a result, Bowman has not established that the state court unreasonably applied *Strickland* in rejecting his claim.

2.     We decline to expand the certificate of appealability to address Bowman's uncertified *Strickland* claim based on his trial counsel's failure to consult with or call a computer expert. *See* 28 U.S.C. § 2253(c)(2) (establishing that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right").

**AFFIRMED.**

5